## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JAMES LYONS**
**PEDRO TORRES,**

    **Plaintiffs,**

                                      **Case Number:**

**v.**

**RASOI ENTERPRISES, LLC dba**
**CARFOX AUTO SALES,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    1.    Plaintiffs, by and through there undersigned counsel, hereby bring this action for unpaid wages against Defendant pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of their complaint, Plaintiffs state as follows:

    2.    Plaintiffs were employed by Defendant as auto salesmen in Defendant's organization.

    3.    Plaintiff James Lyons was hired by Defendant on July 1, 2019.

    4.    Plaintiff Pedro Torres was hired by Defendant on July 1, 2019.

    5.    Defendant owns and operates automobile dealership known as "Carfox Auto Sales."

    6.    Defendant is headquartered in Tampa, Florida.

    7.    Defendant operates and maintains "Carfox Auto Sales" at 13654 North 12th Street, Suite 9, Tampa, Florida 33613.

8. At all times relevant to this action, Plaintiffs worked for Defendant and performed services for Defendant in Hillsborough County, Florida.

9. At all times during their employment, Plaintiffs were employed by Defendant as non-exempt, hourly employees.

10. Indeed, Defendant paid Plaintiff's on an hourly basis at a rate of $10 per hour.

11. During the entirety of their employment, Plaintiffs worked at least 55 hours per week.

12. Plaintiffs were not paid at least minimum wage for all of the hours they worked while employed by Defendant.

13. Defendant terminated Plaintiff's employment on August 7, 2019.

14. Plaintiffs were to be paid an hourly wage, not a salary. Plaintiffs are not subject to any minimum wage exemptions or exceptions under the FLSA.

15. Defendant engaged in an illegal policy of requiring Plaintiffs to work 55 hours in each workweek of their employment and did not pay Plaintiffs for all hours worked.

16. Defendant did not maintain or utilize time keeping software that would have allowed Plaintiffs to be paid for all hours worked in violation of 29 C.F.R. § 516.

17. Defendant failed to pay Plaintiffs at least minimum wage for all hours worked.

18. Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiffs for all hours worked while employed by Defendant in an effort to extract work from Plaintiffs without compensating Plaintiffs for the work provided.

19. As a result, Plaintiffs often performed work for Defendant at a rate well below minimum wage.

20. As of this date, Plaintiffs still have not been paid the entirety of their wages and have not been compensated for the full extent of their damages and wage loss under the FLSA.

21. Plaintiffs seeks full compensation, including back wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiffs at least minimum wages was a calculated attempt to extract additional work out of Plaintiffs for the benefit of Defendant.

22. Defendant is a for profit corporation that operates and conducts business in, among others, Hillsborough County, Florida, and is therefore, within the jurisdiction of the Court.

23. Defendant, at all relevant times to this complaint, was Plaintiffs' employer as defined by 29 U.S.C. § 203(d). Plaintiffs performed duties and responsibilities that involved commerce and/or the production of goods for commerce in the automobile industry as Defendant operates as "Carfox Auto Sales" dealing with interstate customers and using computers and credit cards and data transmission lines. This also would include using materials and other resources that do not originate within the State of Florida to operate an enterprise that is so integrally integrated to interstate commerce.

24. This action is brought under the FLSA to recover from Defendant, unpaid minimum wages in the form of back wages, liquidated damages, and reasonable attorneys' fees and costs.

25. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Hillsborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

26. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant are a multi-million-dollar operation that has considerable

expertise in the automobile industry. Accordingly, Plaintiffs allege that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including automobiles, materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

27. At all material times relevant to this action, Plaintiffs in their capacity as car salesmen were individually covered by the FLSA. The very essence of Plaintiffs' employment, selling automobiles, is so closely related to interstate commerce that Plaintiffs' relationship to interstate commerce cannot be separated.

28. Indeed, Plaintiffs were regularly required to communicate with potential buyers via internet, electronic mail, and telephonic communications.

29. Moreover, Plaintiffs regularly sold automobiles that had been moved into Florida from other states.

30. Conversely, Plaintiffs regularly sold automobiles to individuals who transported the vehicles out of state.

31. Plaintiffs did not bear supervisory responsibility for any other employees. Plaintiffs did not regularly direct the hiring and firing of any employees. Plaintiffs did not participate in the creation of budgets or maintain the production of sales nor did Plaintiffs plan or control Defendant's budget in any way. Plaintiff did not implement legal compliance measures.

32. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiffs performed services for Defendant for which no provisions was made by Defendant to properly pay Plaintiffs for all hours worked during their employment.

33. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist

Plaintiffs with providing even greater specificity regarding the precise number of hours worked by Plaintiffs during each week of their employment.

34. However, Plaintiffs allege that they routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

35. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiffs' true hours of work.

### COUNT I – RECOVERY OF MINIMUM WAGES

36. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-25, above.

37. Plaintiffs were employed by Defendant and they were, at all times, protected by the FLSA.

38. Plaintiffs were entitled to receive at least minimum wage for all hours worked for Defendant.

39. Defendant engaged in an illegal policy of not paying Plaintiffs at least minimum wage for all hours worked.

40. Plaintiffs often earned significantly less than minimum wage for all hours worked.

41. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to payment of the unpaid wages, liquidated damages, attorney's fees, and costs.

46. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 17th day of October, 2019,

                                              **/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
P.O. Box 4476
Brandon, FL 33509-4476
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com